IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LIBBY J. GRASMAN, | : |
| Plaintiff | : |
| VS. | : |
| | :    3 : 07-CV-142 (CDL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on December 21, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability benefits in June 2003, alleging disability since March 31, 2001, due to hearing loss, spinal conditions and rheumatoid arthritis. Her applications were denied initially and upon reconsideration, and following a hearing, the ALJ determined that the plaintiff suffered from severe impairments of bilateral sensori-neural hearing loss, lumbar spondylosis and spondylolisthesis, but that she remained capable of performing past relevant work as an assembler. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ erred in failing to find that her impairments met or equaled certain listings and erred in assessing her residual functional capacity.

At the time of the hearing before the ALJ, the plaintiff was forty-nine (49) years of age with past relevant work experience as a factory and mill worker. The plaintiff maintains that she

is functionally deaf in both ears, suffers from chronic headaches and back pain.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Listings*

The plaintiff argues initially that the ALJ erred in finding that her hearing loss condition did not meet or equal certain listings.  In order to establish that her impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment

or medical evidence that demonstrates how the impairment is equivalent to the listings.  Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

Initially, the plaintiff argues that her hearing loss condition meets Listing 2.08, or alternatively that her tinnitus condition is medically equivalent to Listing 12.06.  Listing 2.08 provides for a finding of disability based on a hearing impairment, wherein hearing is not restorable by a hearing aid, and manifested by:

> A.  Average hearing threshold sensitivity for air conduction of 90 decibels or greater and for bone conduction to corresponding maximal levels, in the better ear, determined by the simple average of hearing threshold levels at 500, 1000 and 2000 hz; or
> B.  Speech discrimination scores of 40 percent or less in the better ear.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

The plaintiff concedes that her hearing condition does not meet Listing 2.08B, but appears to maintain that the record contains insufficient evidence from which to determine whether her hearing loss condition meets Listing 2.08A.  Plaintiff goes on to argue that her tinnitus condition, in combination with her hearing loss, somehow equals Listing 2.08A and that her tinnitus condition is equivalent to the listing for anxiety, inasmuch as the condition causes the plaintiff significant stress.

However, as the Commissioner points out, plaintiff's audiometry report dated June 23,

2004, provides sufficient test results to establish that plaintiff's hearing condition does not meet or equal Listing 2.08A; the report at issue shows that plaintiff's hearing threshold sensitivity for air conduction averaging 80 decibels for her right ear, below the 90 decibels required by Listing 2.08A. R. at 195. Plaintiff has failed to otherwise specifically show or establish how her hearing impairments meet or equal the listings for hearing impairment or anxiety, but has merely pointed to different listings and stated that her symptoms fit into categories for affective disorders and depression. The plaintiff has not offered or pointed to any specific medical evidence that supports these conclusions.

*Residual functional capacity*

The plaintiff also offers several arguments challenging the ALJ's findings regarding her residual functional capacity, arguing that the ALJ erred in rejecting evidence from plaintiff's treating physician and an evaluative physician, that he erred in relying upon the findings of an agency reviewer, and erred in evaluating the plaintiff's credibility. The plaintiff finally argues that the ALJ erred in finding that she could perform her past relevant work as an assembler.

The plaintiff argues that the ALJ ignored a letter from treating physician Dr. Ford, written on May 12, 2004, describing the plaintiff as suffering from chronic pain, deafness, insomnia and fatigue. The plaintiff also argues that the ALJ erred in rejecting the opinion of consultative evaluator Dr. Krishnamoorthy, who stated that the plaintiff was "unable to perform any meaningful occupation." R. at 153.

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."

"A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

Dr. Ford's December 2004 statement consists of four sentences, wherein he states that the plaintiff is a patient under his care and suffers from chronic nonmalignant pain, chronic headaches, deafness, insomnia and chronic fatigue. Dr. Ford goes on to list the plaintiff's medications. R. at 210. Contrary to the plaintiff's assertions, the ALJ does specifically mention the December 2004 letter, and the ALJ's opinion reflects his consideration of Dr. Ford's treatment of the plaintiff and his medical findings. R. at 20. There is no indication that the ALJ disregarded any specific findings or conclusions offered by Dr. Ford. Dr. Ford's treatment notes show that between March 2002 and December 2004, the plaintiff's examinations revealed few abnormalities, apart from degenerative changes in her spine, pain that was well-controlled with medication, and the ability to lip-read to compensate for her hearing loss. Dr. Ford did not issue any restrictions on plaintiff's activities, and apparently ceased communication with the plaintiff

following a positive drug screen in December 2004.

In regard to Dr. Krishnamoorthy, a one-time consultative examiner, the ALJ noted his medical findings and vocational assessment, but found that his opinion of total disability was inconsistent with the record as a whole.  R. at 21.  Dr. Krishnamoorthy's opinion concerns an issue reserved for the Commissioner, to wit, the ultimate question of disability, and as the ALJ found, was inconsistent with the medical record.  To the extent that Dr. Krishnamoorthy relied on plaintiff's hearing loss as a reason for disability, Dr. Kaplan's audiological report showed that plaintiff's hearing was improved with a properly-functioning hearing aid, obtained after Dr. Krishnamoorthy's examination.  Furthermore, Dr. Krishnamoorthy's medical findings do not support a conclusion of total disability, as these findings showed a lumbosacral spine with abnormal appearance but no tenderness or muscle spasm in her back, and normal movement in all extremities, normal neurological examination, normal reflexes, gait and stance.

As the Commissioner points out, state agency consultants are considered experts in Social Security disability evaluation and their opinions may be entitled to great weight if their opinions are supported by evidence in the record.  20 C.F.R. § 404.1527(f)(2)(I).  Herein, the assessment of the state agency medical consultant, that the plaintiff could perform light work, is supported by the medical findings and consistent with the record as a whole, which reflected no significant, reliable limitations issued by any treating source.

In regard to the plaintiff's challenges to the ALJ's credibility findings and application of the pain standard, if the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can

reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The Commissioner points to the findings and diagnoses of treating physician Dr. Ford as supportive of the ALJ's decision to discredit the plaintiff's subjective accounts of pain and limitation.  As the Commissioner argues, and as previously noted, Dr. Ford's records show that between March 2002 and December 2004, the plaintiff's examinations revealed few abnormalities, apart from degenerative changes in her spine, pain that was well-controlled with medication, and the ability to lip-read to compensate for her hearing loss.  Dr. Ford did not issue any restrictions on plaintiff's activities.

Finally, the plaintiff argues that the ALJ erred in finding that she could return to her past relevant work as an assembler, in that he posed an incomplete hypothetical to the Vocational

Expert ("VE") that did not include limitations related to the plaintiff's hearing loss and tinnitus. Although the VE did not specify any DOT numbers in reference to assembly work, the plaintiff asserts that her hearing limitations make it impossible for her to perform assembler jobs as listed in the DOT and that the VE's testimony does not provide substantial evidence upon which to conclude that the plaintiff can return to her work as an assembler.

In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments. Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985). "[T]he answer by a VE to a hypothetical question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations." Holley v. Chater, 931 F. Supp. 840, 851 (S.D.Fla. 1996). The ALJ asked the VE to consider an individual with the plaintiff's age, education and work experience, who could perform light duty work, with "moderate hearing deficiency, which does not prevent her from communicating one-on-one with the co-workers or supervisors . . . periodic unexplained back pain that is either non-severe or controlled through her prescription medication, . . . [and] moderate overlying depression". R. at 274-75. In response to the ALJ's hypothetical question, the VE testified that an individual with plaintiff's residual functional capacity could perform her past relevant work as an assembler or other work as an assembler. The VE testified that given these conditions and limitations, the plaintiff could return to her past work in temporary service and assembly, and "[n]one of these [jobs] . . . involved with operating machinery and none of them require acute hearing . . . except for one or two-step instructions it can be giving a person either written or brief oral instructions." R. at 275.

The ALJ properly relied on the VE's testimony, as the hypothetical posed included all of

the plaintiff's reasonable limitations. Plaintiff failed to show how her hearing impairment prevented her from performing her past work as an assembler, and the additional limitations she puts forth regarding her hearing impairment were not found to be credible by the ALJ. The hypothetical posed by the ALJ included those limitations issued by the state agency medical consultant. Although Social Security Ruling 00-04p requires the ALJ to provide a reasonable explanation regarding any conflicts between the DOT listings and the findings of the VE, the VE's testimony herein does not present such a conflict. Moreover, the Eleventh Circuit has held that "the DOT is not the sole source of admissible information concerning jobs. Barker v. Shalala, 40 F.3d 789, 795 (6th Cir.1994). The DOT itself states that it is not comprehensive. It provides occupational information on jobs in the national economy, and it instructs DOT users demanding specific job requirements [to] supplement th[e] data with local information detailing jobs within their community. Dictionary of Occupational Titles, Special Notice at xiii (4th ed.1991); *Barker*, 40 F.3d at 795. Additionally, the Code of Federal Regulations states that the SSA will take administrative notice of reliable job information available from various governmental and other publications, such as the DOT. See 20 C.F.R. 404.1566(d)(1). By this wording, the SSA itself does not consider the DOT dispositive." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this recommendation with the Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of January, 2009.

/s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb